Reisacker v. Reisacker.

---

No. 21,984.

PETER REISACKER, *Appellee,* v. SALLIE E. REISACKER, *Appellant.*

SYLLABUS BY THE COURT.

1. DIVORCE AND ALIMONY—*Evidence—Decree.* The evidence examined, and held to justify the granting of the divorce.
2. SAME. The award of alimony, in view of all the evidence and circumstances shown, held proper.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. McCAMISH, judge. Opinion filed June 7, 1919. Affirmed.

*Francis E. Howe,* of Kansas City, for the appellant.
*George W. Littick,* of Kansas City, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendant appeals from a decree granting the plaintiff a divorce and giving the defendant $500 alimony, claiming that the evidence did not justify the former, and that the latter was too small a sum in view of what she had contributed to the plaintiff's estate.

Both parties were of mature years, and each had children by a former spouse. After their marriage in 1912, the record shows a most wretched condition of affairs. Whatever might

be said of the plaintiff's conduct, there was abundant evidence to justify the granting of the divorce on account of the defendant's cruelty and gross neglect of duty. To state or even quote from this evidence would not tend to edification, and is not necessary.

The defendant testified that she had furnished to the plaintiff certain sums of money received for property formerly owned by her, but it is not clear either from the abstract or briefs how much she claims these sums amounted to, though apparently somewhat in excess of $500. The plaintiff testified that she had not increased his estate, but that she had cost him at least $1,400, and that he owed $1,400, together with two years' back taxes. The value of his land was by other witnesses fixed at $2,500. This would leave him an estate of $1,100, and the award of $500 alimony—the plaintiff being required to pay the costs, said to amount to $171.45, and a fee of $150 to the defendant's attorney—seems as severe on the plaintiff and as liberal to the defendant as equity and good conscience require.

The decree is affirmed.